# 7557

S T A T E   O F   L O U I S I A N A

## PARISH OF ORLEANS

--------------------------------------------------------

INTERSTATE TRUST & BANKING CO. :

versus : No. 7557,

GERLANDO ALFANO. : COURT OF APPEAL.

--------------------------------------------------------

--------------------------------------------------------

465

# O P I N I O N

Max Dinkelspiel, Judge.

--------------------

The facts in this suit are substantially as follows:

The Interstate Trust and Banking Company, located and doing business in New Orleans, complainsthat defendant, Alfano, owes it the sum of $1665.00, with legal interest on $45.00 thereof from the 1st day of January, 1914, and like interest on a like amount thereof from the 1st day of each succeeeding month up to and including the 1st of February, 1917, for this:

That on or about the 3rd of December, 1913, petitioner caused to be seized, through the civil sheriff of this parish, certain real estate under executory process in the suit entitled Interstate Trust & Banking Company vs. The Succession of Joseph Franek, and the property described in said suit was situated on St. Ann, Dumaine, Royal and Bourbon Streets, forming the corner of Bourbon and St. Ann Streets, and that at the time of said seizure the property in question was under a verbal lease by one Henry Capus, a son-in-law of defendant, at a monthly rental of $45.00 a month, payable at the end of each month.

Plaintiff alleges further that the civil sheriff caused a notice of the said seizure to be recorded in the Mortgage Office of this parish, on or about the 12th day of December, 1913, notified the said Henry Capus of the seizure of the said property and of the rents arising therefrom, and made demand on him for the rents which petitioner was entitled to have the sheriff collect for its benefit under the said writ of executory process; that the said property, when sold to the sheriff under said writ, on the 6th day of September, 1917, did not bring sufficient to discharge the writ and pay for plaintiff's

■

claim, as the property sold for $2500.00 and petitioner's claim under said writ amounted to a sum in excess of $5,000.00.

Hence this suit, for the amount stated, and for general relief.

The defendant, by way of exception, claimed that plaintiff's petition set forth no lawful cause or right of action against this exceptor. This being overruled, on November 16, 1917, defendant filed a peremptory exception of prescription of one year, which exception was maintained by the judge a quo, and from this decision follows this appeal.

The provisions of the Civil Code applicable to the plea filed by the defendant in this case are Articles 2293, 2294 and 2301.

Article 2293 reads:

> "Quasi contracts are the lawful and purely voluntary act of a man, from which there results any obligation whatever to a third person, and sometimes a reciprocal obligation between the parties."

Article 2294 provides:

> "All acts, from which there results an obligation without any agreement, in the manner expressed in the preceding article, form quasi contracts. But there are two principal kinds which give rise to them, to-wit: The transaction of another's business, and the payment of a thing not due."

Article 2301 provides:

> "Obligation to Restore. Thing Unduly Paid. He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."

> "The obligation to restore does not rest on proof of wrong-doing or bad faith."
> Drainage Commission v. National Contracting Co., 136 Fed. Rep.

Again:

> "Suits for a repetition carry with them the right to recover the fruits from their commencement."
> 6 Sav. 111.

In the case of Stockton v. Hyde, 5 An., 300, the court held:

> "This is an action for the recovery of the amount of certain rents of lots which the plaintiff had attached as the property of one Craddick, and which was

sold under the judgment,which he obtained in the suit of attachment. The rents are said to have accrued between the attachment and the sale under execution. It is alleged that under a pretended sheriff's sale the defendant, pretending to have acquired title and possession, received the rents and revenues of said lots, and prevented the sheriff from collecting and receiving them. The plaintiff's petition was dismissed in the court of the first instance, on the ground that his petition disclosed no cause of action; and on the appeal it was contended that the plaintiff, as attaching creditor, has no right of action against the defendant, but that his remedy is exclusively against the sheriff. By the service of the attachment, the sheriff was in possession of the lots for the benefit of whom it might concern - the attaching creditor or the other parties in interest. The rents accruing from the possession, it appears to us, belonged to the party for whose benefit the possession was held (C.Code 457, C.P. 656,658). The debtor of the rents owed the sheriff merely as the bailee of this party, whose right was established by the judgment on the attachment. The attaching creditor is not obliged to take his recourse against the sheriff, who may not be, perhaps, in default, but has his direct action against the defendant, as the receiver of money belonging to him."

In the case of Garland v. Estate of Scott, 15 An., 143, we quote from the syllabus:

"Statutes of prescription and limitation cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law."

To the same effect is Succession of Birba, 48 An., 655.

On the contention that Capus is the only party bound, together possibly with the sheriff, in this case, the authorities cited, 39 An., 23, Knoop v. Blaffer, and 31 An., 560, City of New Orleans v. Bank, are not in point, and are not sustained.

This court, in Prudential Savings & Homestead Society v. Victor J. Gondolf, No. 7169, held: (Syllabus):

"Where the unlawful act of one person not only damges another, but also enriches the wrong-doer, there arises an action both ex delicto and quasi ex contractu, and the action to recover the unlawful gain is barred by the prescription of ten years."

And again, in this court, No. 7406, Maurepas Milling Company v. Opdenweyer-George Lumber Company, it was held: (Syllabus):

"Where one who is in possession of the property of another, or upon which another has a privilege superior to his, sells it and receives the price, he makes himself liable to pay the amount of the price to the owner or to the privileged creditor."

The authorities quoted and the law being against the contention of the exceptions filed in this cause, the judgment of the court a quo must be reversed.

It is therefore ordered, adjudged and decreed that the judgment rendered in this cause, maintaining prescription, is rejected and reversed. To the same effect, the judgment of no cause of action. And this cause is remanded, to be proceeded with in accordance with law.

------------

New Orleans, June _____, 1919.